UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

NAREK MARUTYAN,
ALBERT MARUTYAN,
    A/K/A "ABO,"
MIKAYEL YEGHOYAN,
    A/K/A "MISHO,"
DAVIT YEGHOYAN,
VAHE HOVHANNISYAN,
LUSINE GHAZARYAN,
SARO MOURADIAN,
    A/K/A "PAUL MOURADIAN,"
ZAVEN YERKARYAN,

           *Defendants.*

**PROTECTIVE ORDER**

**20 Cr. 652 (VM)**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2021
```

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals, including personal identifying information; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court. The parties reserve the right to bring to the Court's attention any dispute regarding the designation of sensitive disclosure material that cannot be resolved by the parties without intervention by the Court.

3. **Facilitation of Discovery**. The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for excessive redaction. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

    (a) The defendants for purposes of defending this action;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (c) Prospective witnesses for purposes of defending this action.

6. Sensitive disclosure material shall be kept in the sole possession of counsel, shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel, shall not be copied or otherwise recorded by the defendants, and may be disclosed by counsel only to:

    (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

7. Counsel or personnel employed by or retained by counsel may display sensitive disclosure material virtually to the defendant; the defendant may not capture, either by screenshot, photograph or any other means, any or part of the sensitive disclosure material. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under

seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. This provision does not apply to any disclosure material that belongs to the defendant himself or herself.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: _____    Date:   __January 19, 2021__
    Benet J. Kearney
    Abigail S. Kurland
    Assistant United States Attorneys


_____    Date:   _____
Dennis Ring, Esq.
Counsel for Narek Marutyan


_____    Date:   _____
Boris Nektalov, Esq.
Counsel for Albert Marutyan


_____    Date:   _____
James Froccaro, Esq.
Counsel for Mikayel Yeghoyan


_____    Date:   _____
Sanford Talkin, Esq.
Albert Dayan, Esq.
Counsel for Davit Yeghoyan

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: _____
    Benet J. Kearney
    Abigail S. Kurland
    Assistant United States Attorneys

_____          Date:   1/20/21
Dennis Ring, Esq.
Counsel for Narek Marutyan

_____          Date: _____
Boris Nektalov, Esq.
Counsel for Albert Marutyan

_____          Date: _____
James Froccaro, Esq.
Counsel for Mikayel Yeghoyan

_____          Date: _____
Sanford Talkin, Esq.
Albert Dayan, Esq.
Counsel for Davit Yeghoyan

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____        Date: _____
    Benet J. Kearney
    Abigail S. Kurland
    Assistant United States Attorneys


_____        Date: _____
Dennis Ring, Esq.
Counsel for Narek Marutyan


*/s/ Boris R. Nektalov*        Date: January 19, 2021
Boris Nektalov, Esq.
Counsel for Albert Marutyan


_____        Date: _____
James Froccaro, Esq.
Counsel for Mikayel Yeghoyan


_____        Date: _____
Sanford Talkin, Esq.
Albert Dayan, Esq.
Counsel for Davit Yeghoyan

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____     Date: _____
    Benet J. Kearney
    Abigail S. Kurland
    Assistant United States Attorneys


_____     Date: _____
Zachary Margulis-Ohnuma, Esq.
Counsel for Narek Marutyan


_____     Date: _____
Boris Nektalov, Esq.
Counsel for Albert Marutyan


_____     Date: 1/15/21
James Froccaro, Esq.
Counsel for Mikayel Yeghoyan


_____     Date: _____
Sanford Talkin, Esq.
Albert Dayan, Esq.
Counsel for Davit Yeghoyan

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: _____
    Benet J. Kearney
    Abigail S. Kurland
    Assistant United States Attorneys


_____              Date: _____
Dennis Ring, Esq.
Counsel for Narek Marutyan


_____              Date: _____
Boris Nektalov, Esq.
Counsel for Albert Marutyan


_____              Date: _____
James Froccaro, Esq.
Counsel for Mikayel Yeghoyan


_____/s/_____             Date: 1/19/21
Sanford Talkin, Esq.
Albert Dayan, Esq.
Counsel for Davit Yeghoyan

5

_____  Date: 1/18/21
Harvey Fishbein, Esq.
Counsel for Vahe Hovannisyan


_____  Date: _____
Hugh G. Jasne, Esq.
Counsel for Lusine Ghazaryan


_____  Date: _____
Bennett Epstein, Esq.
Counsel for Saro Mouradian


SO ORDERED:

Dated: New York, New York
       January ___, 2021


_____
THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

6

_____                Date: _____
Harvey Fishbein, Esq.
Counsel for Vahe Hovannisyan

_____                Date: Jan 20, 2021
Hugh G. Jasne, Esq.
Counsel for Lusine Ghazaryan


_____                Date: _____
Bennett Epstein, Esq.
Counsel for Saro Mouradian


_____                Date: _____
Jeffrey Chartier, Esq.
Counsel for Zaven Yarkaryan


SO ORDERED:

Dated: New York, New York
       January ___, 2021

                                           _____
                                           THE HONORABLE VICTOR MARRERO
                                           UNITED STATES DISTRICT JUDGE

6

_____   Date: _____
Harvey Fishbein, Esq.
Counsel for Vahe Hovannisyan


_____   Date: _____
Hugh G. Jasne, Esq.
Counsel for Lusine Ghazaryan


*Bennett M. Epstein*_____   Date: \_1/19/21_____
Bennett Epstein, Esq.
Counsel for Saro Mouradian


_____   Date: _____
Jeffrey Chartier, Esq.
Counsel for Zaven Yarkaryan


SO ORDERED:

Dated: New York, New York
       January \_\_\_, 2021

_____
THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

6

_____  Date: _____
Harvey Fishbein, Esq.
Counsel for Vahe Hovannisyan


_____  Date: _____
Hugh G. Jasne, Esq.
Counsel for Lusine Ghazaryan


_____  Date: _____
Bennett Epstein, Esq.
Counsel for Saro Mouradian


_/s/ Jeffrey Chartier_____  Date: 1/26/21
Jeffrey Chartier, Esq.
Counsel for Zaven Yarkaryan


SO ORDERED:

Dated: New York, New York
       January 28, 2021

_____
Victor Marrero
U.S.D.J.

6